**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

LATYSHA SHORT,

        *Plaintiff,*

     v.

HOOK SAN EU, et al.,

        *Defendants.*

Civil Action No. 1:22-cv-00271 (CJN)

## <u>MEMORANDUM OPINION</u>

Plaintiff Latysha Short, proceeding *pro se* and *in forma pauperis*, sued Hook San Eu and Stacey Lay Kean Sim under D.C. law, seeking damages for injury to real property—a house that they sold her in 2017—from toxic substances. The sellers move to dismiss, contending that Short's claim is barred by res judicata and the applicable statute of limitations. Short also names as defendants "Seller Agent" Koy Banks and "Buyer Agent" Robin Key. For the following reasons, the Court denies the sellers' Motion to Dismiss but dismisses Short's claims against Banks and Key.

### I.    Background

On October 20, 2017, Hook San Eu and Stacey Lay Kean Sim sold a house located in the District of Columbia to Latysha Short for $335,000. Defs.' Ex. 1 (Deed), ECF No. 7-1. In December of that year, Short sued the sellers in the small claims division of the D.C. Superior Court for breach of contract and fraudulent misrepresentation, claiming that they "failed to make repairs before selling of property as agreed in sale/General Addendum" and seeking a $10,000 judgment. Defs.' Ex. 2 (Statement of Claim), ECF No. 7-2. The General Addendum, signed by the parties to the sale in September 2017, included a list of necessary repairs revealed during a

home inspection.  *See* Pl.'s Ex. 1 (General Addendum), ECF No. 1-1.  On June 20, 2018, a magistrate judge awarded Short $3,642.68 against Eu following a judicial arbitration hearing. Defs.' Ex. 3 (Judicial Award), ECF No. 7-3.

More than three years later, Short filed this diversity action *pro se* and with leave to proceed *in forma pauperis*.  Compl., ECF No. 1.  According to the Complaint, Short discovered several preexisting issues in the house—covered up at the time of sale—after she sought financial assistance to repair the home in June 2020.  *Id.* at 11.  Short claims that the sellers "failed to repair and instead covered up issued [sic] which were later found after [she] took possession of the property," causing exposure to "harmful and dangerous substances."  *Id.*  She therefore seeks to hold the defendants liable for not repairing the property "in a safe manner."  *Id.* at 12.

The sellers seek dismissal, arguing that Short presses the "very same claim" that she did in the small claims case and that the applicable statute of limitations bars her action.  Defs.' Mot. to Dismiss at 3, ECF No. 7.  In her opposition, Short asserts that this case does not concern the same issue raised in the small claims case (the failure to make repairs as required by the General Addendum), but instead deals only with "the manner the repairs were made that created a dangerous and hazardous environment."  Pl.'s Opp'n at 4, ECF No. 11.  Her opposition also includes some factual allegations relating to that claim.  For instance, she alleges that in 2021 and 2022 she discovered mold in the dining room and bathroom concealed by tile and bamboo flooring, although previously it was believed that mold existed only in the basement.  *Id.* at 2–3; *see* Pl.'s Ex. 1 (General Addendum) at 1 (noting that "[s]igns of fungi growth are present on ceiling in the basement" and requesting that the sellers "[c]ontact a mold inspector for correction if needed").

The remaining defendants—Koy Banks and Robin Key—have not moved to dismiss. Instead, Key (who Short identified in the Complaint as the "Buyer Agent") filed a *pro se* Answer,

denying having ever "represented the Plaintiff in any transaction (real estate or otherwise)" and having any knowledge of the property at issue. Answer ¶¶ 1, 4, ECF No. 13-1. It appears that Banks was never properly served. *See* Return of Service/Aff., ECF No. 6; *see also* March 14, 2022 Minute Order (ordering Court officials to execute service under 28 U.S.C. § 1915(d)).

## II.   Legal Standards

When deciding a Rule 12(b)(6) motion to dismiss, the Court "must treat the complaint's factual allegations as true and must grant plaintiff the benefit of all inferences that can be derived from the facts alleged." *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003) (quotation and ellipsis omitted). The Court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [it] may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). Courts must liberally construe *pro se* filings, and the Court will consider other submissions by a *pro se* plaintiff, including an opposition to a motion to dismiss. *See Brown v. Whole Foods Market Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) (holding that courts should "consider[] the facts alleged in *all* of [the plaintiff's] pleadings"); *Schnitzler v. United States*, 761 F.3d 33, 38 (D.C. Cir. 2014) (describing "the district court's obligation to construe a *pro se* plaintiff's filings liberally, and to consider his filings as a whole before dismissing the complaint").

When a plaintiff proceeds *in forma pauperis*, the Court must dismiss a complaint that fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). To avoid dismissal, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A claim is facially plausible if the plaintiff pleads facts that "allow[] the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* Pleading "facts that are merely consistent with a defendant's liability" is insufficient. *Id.* (quotation omitted).

### III.   Analysis

#### A.   Statute of Limitations

The sellers first contend that the District of Columbia's three-year statute of limitations for breach-of-contract claims under D.C. Code § 12-301(7) applies, making Short's action untimely because over four years elapsed between her purchase of the house and her filing of this action. Defs.' Mot. to Dismiss at 3–4. Short responds that the applicable statute of limitations is instead a five-year limit under D.C. Code § 12-301(10), which covers actions "for the recovery of damages for an injury to real property from toxic substances." Pl.'s Opp'n at 1. That limitations period begins to run when "the injury is discovered or with reasonable diligence should have been discovered." D.C. Code. § 12-301(10).

Dismissal on statute of limitations grounds is warranted "only if the complaint on its face is conclusively time-barred." *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996). Short has alleged property damage involving "harmful and dangerous substances" found after she took possession of the house, including concealed mold. Compl. at 5; *see* Pl.'s Opp'n at 2–3. Although the sellers assert in their reply that "[a]ny arguments that Plaintiff 'could not have reasonably discovered' the defects she is claiming in the present suit are unfounded," Defs.' Reply ¶ 6, ECF No. 10, the Court cannot conclusively resolve that factual issue at this stage.

#### B.   Res Judicata

The sellers also argue that res judicata bars this action because "[t]he crux of the present case is precisely the same as in the Small Claims Case"—that they sold the house to Short "without making promised repairs." Defs.' Mot. to Dismiss at 4. Under D.C. law, res judicata "dictates

that a final judgment on the merits of a claim bars relitigation in a subsequent proceeding of the same claim between the same parties or their privies." *Bell v. First Invs. Servicing Corp.*, 256 A.3d 246, 253 (D.C. 2021) (quotation omitted); *see Fenwick v. Pudimott*, 778 F.3d 133, 138 (D.C. Cir. 2015) (stating that "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered" (quotation omitted)). And "[a]n arbitration award is considered a final judgment on the merits for purposes of res judicata." *EDCare Mgmt., Inc. v. DeLisi*, 50 A.3d 448, 451 (D.C. 2012). Because the small claims case involved the same buyer and sellers that are now parties to this lawsuit, the only question is whether Short's claim "arises out of the same cause of action that was submitted in arbitration." *Id.*

To assess that question, the Court must "consider the nature of the two actions, the facts necessary to prove each and whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Watergate W., Inc. v. Barclays Bank, S.A.*, 759 A.2d 169, 179 (D.C. 2000) (quotation omitted). Res judicata bars "not only claims which were actually raised in the first [action], but also those arising out of the same transaction which could have been raised." *Wang v. 1624 U St., Inc.*, 252 A.3d 891, 898 (D.C. 2021) (quotation omitted). But the doctrine "may not bar a later suit where the plaintiff was not aware of its claim at the time of the first litigation." *Capitol Hill Grp. v. Pillsbury, Winthrop, Shaw, Pittman, LLC*, 569 F.3d 485, 491 (D.C. Cir. 2009). In other words, it "does not apply to a situation where the basis for a second claim could not have been discovered with due diligence." *Short v. D.C. Dep't of Emp. Servs.*, 723 A.2d 845, 849 (D.C. 1998).

Short's current claim can fairly be construed to rely on facts that allegedly did not

materialize (or that Short allegedly could not have been aware of) until after her previous suit. Beyond the initial breach of contract for failure to make promised repairs that was the subject of the small claims case, Short now claims that additional injuries to her property, caused by the sellers' concealment of defects, have occurred or been discovered in the intervening years. Drawing reasonable inferences from Short's pleadings in her favor, the Court does not conclude that Short could have discovered the facts underlying this claim with due diligence.

## C.   Failure to State a Claim

Because Short is proceeding *in forma pauperis*, the Court must, in addition to addressing the grounds for dismissal included in the sellers' Motion to Dismiss, ensure that the Complaint states a claim on which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

As to the sellers, the Court concludes that Short's Complaint passes the required threshold of plausibility.  The Court has little doubt that her pleadings contain extraneous allegations that do not amount to "injury to real property from toxic substances."  D.C. Code § 12-301(10); *see WMATA v. Ark Union Station, Inc.*, 268 F. Supp. 3d 196, 211 n.12 (D.D.C. 2017) (expressing doubt that a complaint alleging damages caused by "leaked water and other debris" falls under this statute of limitations (quotation omitted)).  The sellers appear to argue in their reply that Short fails to allege *any* damage precipitated by toxic substances, contending that D.C. Code § 21-301(10) is inapplicable because "[nowhere] in the 'supporting documents' attached to Plaintiff's Opposition is there any reference to any 'toxic substances' as meant in D.C. Code § 12-301(10)."  Defs.' Reply ¶ 3.  This cursory argument does not address the allegations in Short's Complaint or opposition, including her allegations that her air conditioning unit released "toxic chemicals" and that the sellers concealed mold that deteriorated the floor, "almost killed [her]" due to its smell, and caused sickness.  Pl.'s Opp'n at 2–3; Compl. at 12.  Section 12-301(10) does not "attempt[] to define all

toxic substances," and the toxicity of these particular substances is not far-fetched.  *Minkoff v. Clark Transfer, Inc.*, 841 F. Supp. 424, 428 n.2 (D.D.C. 1993); *see, e.g.*, Jeffrey J. Hayward, *The Same Mold Story?: What Toxic Mold Is Teaching Us About Causation in Toxic Tort Litigation*, 83 N.C. L. Rev. 518, 522–27 (2005).  Once again, the Court does not resolve this factual question beyond concluding that Short's allegations are plausible.  Moreover, the sellers may seek to separate out extraneous allegations during the litigation process.

A different pleading problem emerges with respect to the remaining defendants, Banks and Key.  Short has failed to plead facts supporting an inference (rather than a mere possibility) that these defendants are liable for the alleged misconduct.  *See Ashcroft*, 556 U.S. at 678.  Regarding Key, the Complaint merely states that "when I look at my seller agreement Robin Key[] is not familiar to me"; Short does not claim that Key was involved in causing the alleged property damage or is otherwise responsible for it.  Compl. at 11.  Short also makes no mention of how Banks was involved in or responsible for the claimed misconduct.  She has therefore failed to state a plausible claim for relief against these defendants.

### IV.  Conclusion

For these reasons, the Court denies defendants Hook San Eu's and Stacey Lay Kean Sim's Motion to Dismiss and *sua sponte* dismisses the claims against defendants Koy Banks and Robin Key without prejudice.  An order will issue contemporaneously with this opinion.

DATE:  March 29, 2023

CARL J. NICHOLS
United States District Judge